**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————————X
:
SHELDON JACKSON, on behalf of himself and   :
all others similarly situated,              :
:
Plaintiff,          : Civil Action No.
:
vs.                                         : **CLASS ACTION COMPLAINT AND**
: **JURY TRIAL DEMAND**
CREDIT COLLECTION SERVICES, INC.            :
,                                           :
Defendant.         :
:
———————————————————————X

Plaintiff SHELDON JACKSON, on behalf of himself and all others similarly

situated, (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against

the above-named Defendant CREDIT COLLECTION SERVICES, INC. ("Defendant"),

the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory and injunctive

relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from

engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,

County of Bergen and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant CREDIT COLLECTION

SERVICES, INC. ("CCS" or "Defendant") is a corporation organized under the laws of

the State of Massachusetts with its principle place of business located at 725 Canton

Street, Norwood, MA  02062

        9.      Upon information and belief, Defendant is a company that uses the mail,

telephone, and facsimile and regularly engages in business, the principal purpose of

which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt

Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

        10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23

of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all

New Jersey consumers and their successors in interest (the "Class"), who have received

debt collection letters from the Defendant which are in violation of the FDCPA, as

described in this Complaint.

        11.     This Action is properly maintained as a class action. The Classes consist

of:

> • All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant regarding a debt owed to Allstate NJ Insurance Company  in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

> • All New Jersey consumers where Defendant sent information concerning the consumer's debt owed to Allstate NJ Insurance Company to a third-party letter vendor without obtaining the prior consent of the consumer.

> • The Class period begins one year to the filing of this Action.

        12.     The Class satisfies all the requirements of Rule 23 of the FRCP for

maintaining a class action:

> • Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or
thousands of persons who have received debt collection letters and/or
notices from the Defendants that violate specific provisions of the
FDCPA. Plaintiff is complaining of a standard form letter and/or
notice that is sent to hundreds of persons (See **Exhibit A)**, except that
the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2,
partially redacted the financial account numbers in an effort to protect
Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and
which predominate over questions affecting any individual Class
member.  These common question of law and fact include, without
limitation:

    a.      Whether the defendant violated various provisions of the

    FDCPA, including, but not limited to15 U.S.C.  §§ 1692c(b),

    1692e, 1692f and/or 1692g, and subsections therein;

    b.      Whether Plaintiff and the Class have been injured by the

    Defendant's conduct;

    c.      Whether Plaintiff and the Class have sustained damages

    and are entitled to restitution as a result of Defendant's

    wrongdoing, and if so, what is the proper measure and appropriate

    statutory formula to be applied in determining such damages and

    restitution; and

g.      Whether Plaintiff and the Class are entitled to declaratory

and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same

  operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the

  other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and

  has retained experienced and competent attorneys to represent the

  Class;

- A Class Action is superior to other methods for the fair and efficient

  adjudication of the claims herein asserted. Plaintiff anticipates that no

  unusual difficulties are likely to be encountered in the management of

  this class action;

- A Class Action will permit large numbers of similarly situated persons

  to prosecute their common claims in a single forum simultaneously

  and without the duplication of effort and expense that numerous

  individual actions would engender. Class treatment will also permit the

  adjudication of relatively small claims by many Class members who

  could not otherwise afford to seek legal redress for the wrongs

  complained of herein.  Absent a Class Action, class members will

  continue to suffer losses of statutory protected rights as well as

  monetary damages.  If Defendant's conduct is allowed to proceed

5

without remedy they will continue to reap and retain the proceeds of

their ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.     Prior to July 1, 2020, Plaintiff allegedly incurred a financial obligation to

Allstate NJ Insurance Company ("Allstate") for car insurance ("the Debt").

15.     The Debt obligation arose out of a transaction in which money, property,

insurance or services, which are the subject of the transaction, are primarily for personal,

family or household purposes.

16.     The Allstate Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     Allstate is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.     At some time prior to July 1, 2020, the Allstate Debt obligation became

past due with a balance due of $119.64.

19.     At some point prior to July 1, 2020, the Debt was referred for collection

by Allstate to Defendant.

20.     At the time the Allstate Debt obligation was placed with Defendant, the

balance was past due.

21.     On or about July 1, 2020, Defendant sent Plaintiff a collection letter

indicating an Amount of Debt of $119.64 ("the Collection Letter").  See, attached Exhibit

A.

22.     The July 1, 2020 collection letter was Defendant's initial written communication to Plaintiff.

23.     The July 1, 2020 collection letter was sent in connection with the collection of the Allstate Debt obligation.

24.     The July 1, 2020 collection letter is a "communication" as defined by 15 U.S.C. §1692a(2).

25.     The Collection Letter was the first written communication by Defendant to Plaintiff.

26.     The Collection letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

27.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

31.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

33.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

34.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

35.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

36.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

37.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

38.     The Collection Letter contains multiple addresses for Defendant.

39.     The Collection Letter included the following statement ("the Statement"):

> **Federal Law:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you" with the name and address of the original creditor, if different from the current creditor.

40.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

41.     The second sentence of the Statement directs the consumer to "notify **this office** in writing" to obtain verification of the debt.  (emphasis added.)

42.     The third sentence of the Statement indicates, "If you request of **this office** in writing." (emphasis added).

43.     The least sophisticated consumer when reading the second and third sentences of the Statement would be confused as to which "office" the debt verification letter would be sent.

44.     The Statement does not direct the consumer to dispute the Debt with a particular "address" but rather directs the consumer to dispute the debt by notifying an "office".

45.     Furthermore, the least sophisticated consumer may reasonably conclude

9

that they would have to send out multiple, separate debt verification letters:  one to each of the office addresses contained on the letter.

46.     Alternatively, the least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which office the debt should be disputed.

47.     This language in the Statement is only rendered more confusing, since the front page of the Collection Letter contains three separate addresses:

48.     At the top of the letter, below Defendant's name of the Collection Letter, the letter provides a first address for Defendant ("the First Address"):

725 Canton Street
 Norwood, MA  02062

49.     In the middle of the page, below the Statement is a second address for Defendant ("Second Address") which provides:

P.O. Box 448
Norwood, MA 02062-0448

50.     At the bottom of the Collection is a is a third address for Defendant ("the Third Address") which provides:

P.O. Box 55126
Boston, MA 02205-5126

51.     The problem with the Collection Letter is that it contains **three** separate addresses for Defendant.

52.     Defendant could have easily labeled one of these addresses for "disputes" or "debt validation", but it did not do so.

53.     The least sophisticated consumer would not know which of the three

addresses a request for debt validation should be sent to.

54.     The use of multiple addresses by Defendant overshadowed the disclosure of the consumer's right to dispute the debt and obtain verification of the debt.  See, Rhee v. Client Servs., 2020 U.S. Dist. LEXIS 127807 (D.N.J. July 21, 2020).

55.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

56.     Additionally, when Defendant decided to contact Plaintiff via written correspondence, Defendant did not prepare and mail the Collection Letter on its own.

57.     Rather, Defendant sent information regarding Plaintiff's account to a third-party letter vendor (the "Letter Vendor").

58.     In its communications with the Letter Vendor, Defendant disclosed the following information to the Letter Vendor:

a. Plaintiff's status as a debtor;

b. The fact that Plaintiff allegedly owed $119.64 to Allstate; and,

c.  Other highly personal and confidential information about Plaintiff and his account.

59.     The Letter Vendor then populated some or all of this information into a pre-written template, which it printed and mailed to Plaintiff's residence in New Jersey.

60.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

61.     The sending of an electronic file containing information about Plaintiff's

purported debt to the Letter Vendor is therefore a communication.

62.     Defendant's communication to the Letter Vendor was in connection with the collection of a Debt, since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

63.     Plaintiff never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

64.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

(emphasis added).

65.     The Letter Vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provide for in section 1692c(b).

66.     Due to Defendant's communication to the Letter Vendor, information about Plaintiff, including his name, the amount allegedly owed, Plaintiff's home address and other information were all within the possession of an unauthorized third-party.

67.     Defendant unlawfully communicated with the unauthorized Letter Vendor solely for the purpose of streamlining its generation of profits without regard to the

propriety and privacy of the information which it disclosed to such third-party.

68.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

69.     As a result of Defendant's conduct, Plaintiff was harmed by being subject to abusive collection practices, from which she had a substantive right to be free of having her privacy invaded and by having her private and protected information shared and disseminated with unauthorized parties.

70.     As a result of the Defendant's conduct, Plaintiff sustained a concrete, actual injury.

71.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

72.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

73.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

74.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

75.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

76.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions

about, and participate fully and meaningfully in the debt collection process. The purpose

of the FDCPA is to provide information that helps consumers to choose intelligently. The

Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff

of his or her right to enjoy these benefits.

77.     The deceptive communication additionally violated the FDCPA since it

frustrated Plaintiff's ability to intelligently choose his or her response.

78.     It is Defendant's pattern and practice to send collection letters in the form

described above, and which violate the FDCPA.

79.     On information and belief, Defendant sent letters in the form described

above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

80.     Plaintiff repeats the allegations contained in paragraphs 1 through 79 as if

the same were set forth at length.

81.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection

with its collection attempts against Plaintiff and others similarly situated.

82.     Defendant's conduct violated several provisions of the FDCPA, including,

but not limited to:

A.  15 U.S.C. §1692c, by conveying Plaintiff's information to a third –party;

B.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading

representation or means in connection with the collection of a debt;

C.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

D.  15 U.S.C. §1692f, by using unfair means in connection the collection of a debt by knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA;

E.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice; and,

F.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         July 1, 2021

Respectfully submitted,

By: <u>s/ Lawrence C. Hersh</u>
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*

**<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: July 1, 2021         By: <u>s/ Lawrence C. Hersh</u>
                              Lawrence C. Hersh, Esq.

EXHIBIT A



# CREDIT COLLECTION SERVICES



725 Canton Street, Norwood, MA 02062

Self-service: www.ccspayment.com

Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET

## CALL CENTER: (617) 581-1076

03005 1 MB 0.436 T 11
SHELDON JACKSON
D01832
00-CCS2WAS1E
0021

Date: 07/01/20
File Number: 0          123
Pin Number:
0                    -029
CANCEL DATE: 04/04/2020

| CREDITOR: | AMOUNT OF THE DEBT: |
|---|---|
| **ALLSTATE NJ INSURANCE COMPANY** | **$119.64** |

According to our client, the above referenced amount remains unpaid.  As a result, your account has been placed with this office for collection.  We look forward to working with you to resolve this matter. Thank you.

**Federal Law:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.



**SELF-SERVICE WEBSITE:** You can activate email messaging, upload correspondence, request telephone calls to stop, pay by check, Visa, MasterCard, Discover, arrange a payment plan, and more at our secure website: **www.ccspayment.com**.



**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1076.



**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice. You can make your check payable to: ALLSTATE NJ INSURANCE COMPANY.



**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 448, Norwood, MA 02062-0448 or fax to: (617) 762-3317.  You can include a copy of this notice to avoid processing delays.

0021-NJ

--------------------------------------------------------------------------------

| File Number:          123 | AMOUNT OF THE DEBT: |
|---|---|
| Pin Number:     59 | **$119.64** |
| **SHELDON JACKSON** | |

Do not mail post-dated checks. You can call (617) 581-1076 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

## Go Green

We offer secure email messaging, as well as the ability to pay or send correspondence online. It's quick, easy, and helps protect the environment. Please consider visiting our self-service website at: **www.ccspayment.com**.

**CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126**

698880021021867123000119649